1    CYNTHIA L. MELLEMA (State Bar No. 122798)
     JEFFRY BUTLER (State Bar No. 180936)
2    MEGAN BARKER (State Bar No. 245991)
     DENTONS US LLP
3    525 Market Street, 26th Floor
     San Francisco, California 94105
4    Telephone: (415) 882-5000
     Facsimile: (415) 882-0300
5    E-mail:     cynthia.mellema@dentons.com
            jeffry.butler@dentons.com
6             megan.barker@dentons.com

7    Attorneys for Defendants
     ALLSTATE INSURANCE COMPANY,
8    ALLSTATE INSURANCE COMPANY OF
     CALIFORNIA

9

10                   UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12    ERIC WRIGHT,                   CASE NO.

13            Plaintiff,

14       vs.                     **NOTICE OF REMOVAL OF A CIVIL ACTION**

15    ALLSTATE INSURANCE COMPANY OF
     CALIFORNIA, ALLSTATE INSURANCE
16    COMPANY and DOES 1-25, inclusive,

17

18           Defendants.

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS

3    OF RECORD:

4      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allstate

5    Insurance Company ("Allstate") hereby removes to this Court the action described below and

6    respectfully submits the following statement of grounds for removal:

7                         THE SUPERIOR COURT ACTION

8      1.    On February 2, 2015, plaintiff Eric Wright commenced an action in the Superior

9    Court of the State of California for the County of San Francisco entitled "*Wright v. Allstate*

10   *Insurance Company of California, et al.*," Case No. CGC-15-543924 (the "Superior Court

11   Action").

12      2.    In the Superior Court Action, plaintiff seek damages with respect to the handling of

13   a claim concerning the alleged vandalism of his 2003 BMW. (Complaint, ¶¶ 6, 8.)

14   Specifically, plaintiff contends Allstate "failed and refused to timely and completely investigate

15   and adjust this claim[.]" (*Id.*, ¶ 11.) Plaintiff asserts causes of action against all defendants for

16   breach of contract and breach of the covenant of good faith and fair dealing.

17                              SERVICE

18      3.    On February 3, 2015, plaintiff served the Summons, Complaint, and a Statement of

19   Damages in the Superior Court Action on Allstate and Allstate Insurance Company of

20   California ("Allstate of California").[1] Attached as Exhibit A are true and correct copies of the

21   Summons, Complaint, and Statement of Damages, as well as other Superior Court documents

22   served with the Complaint, and Allstate's answer, which Allstate believes constitute all

23   pleadings on file in the Superior Court Action.

24                         JURISDICTION

25      4.    Allstate is informed and believes plaintiff was, at the time of filing of the Superior

26   Court Action, now is, and at all relevant times has been, a citizen and resident of the State of

27

28    [1]    Though not critical at this point, the only proper defendant in this case would be Allstate Indemnity Company, the entity which actually insured the vehicle at issue in plaintiff's complaint. (Glen Davis Declaration ("Davis Decl."), ¶ 4, Ex. A.)

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1     California.

2     5.     Allstate was, at the time of filing of the Superior Court Action, now is, and at all

3 relevant times has been, a corporation organized and existing under the laws of the State of

4 Illinois, with its principal place of business in the city of Northbrook, Illinois. *See* Cal.

5 Department of Insurance, available at http://www.insurance.ca.gov (last visited February 25,

6 2015) (profiles for Allstate and Allstate Indemnity Company on file with the California

7 Department of Insurance showing they are citizens and residents of Northbrook, Illinois).

8     6.     Plaintiff and Allstate, accordingly, are citizens and residents of different states.

9                  THE FRAUDULENT JOINDER OF A CALIFORNIA RESIDENT

10     7.     In addition to asserting causes of action against Allstate, plaintiff purports to sue

11 Allstate of California. As set forth below, plaintiff's joinder of Allstate of California is

12 fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this

13 Court, where it properly belongs, by the assertion of a sham claim against a resident defendant.

14 In such a circumstance, a federal court will disregard the sham party for purposes of

15 determining whether diversity jurisdiction exists.

16     8.     Allstate of California did not issue the subject automobile policy to Mr. Wright.

17 (Davis Decl., ¶ 5.) Indeed, Allstate of California has never issued or sold *any* insurance

18 policy. (*Id.*)

19     9.     Plaintiff's complaint against defendant Allstate of California, the putative insurer,

20 fails to state facts upon which relief can be granted. Because Allstate of California was not a

21 party to the insurance contract with plaintiff, it cannot be liable to him under any theory. *See*

22 *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973) (insurance adjusting firm was not a

23 party to the insurance contract and, therefore, could not be sued for breach of contract's

24 implied covenant); *Cooper v. Equity Gen. Ins. Co.*, 219 Cal. App. 3d 1252, 1259 (1990)

25 ("Parties to an insurance contract are subject to legal duties to one another. Those who are not

26 parties to the contract . . . are not subject to this legal duty, and thus not liable for conspiracy to

27 violate the duty."); *Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034 (1988)

28 ("Someone who is not a party to the contract has no standing to enforce the contract or to

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

recover extra-contract damages for wrongful withholding of benefits to the contracting party.").

10.   Because plaintiff's purported claim against Allstate of California fails to state a cause of action, it was "fraudulently joined for diversity and removal purposes," and its presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-20 (9th Cir. 1998).

AMOUNT IN CONTROVERSY

11.   The amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum.

12.   Specifically, plaintiff has submitted a Statement of Damages (attached to this notice as part of Exhibit A) indicating he seeks to recover from defendants $2,000,000 in general damages (pain, suffering, inconvenience and emotional distress), $3,000,000 in punitive damages, and (what appears to be) $240,000 in special damages (loss of earnings, loss of future earnings, property damage, and attorneys' fees).

ORIGINAL JURISDICTION

13.   The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiff and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.   The case is therefore one which Allstate may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446.  The removal is effected less than thirty days after service of the Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

Dated:  March 4, 2015                    DENTONS US LLP


By /Megan/
         MEGAN BARKER
Attorneys for Defendants
ALLSTATE INSURANCE COMPANY,
ALLSTATE INSURANCE COMPANY OF
CALIFORNIA

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

# EXHIBIT A

2/3/15 @3pm

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

ALLSTATE INSURANCE COMPANY OF CALIFORNIA,
ALLSTATE INSURANCE COMPANY and DOES 1 to 25, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIC WRIGHT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of San Francisco
400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-15-543924

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Fitzpatrick Vannucci, 100 Montgomery Street, Suite 1600, San Francisco, CA 94104 (415) 981-7500

DATE: FEB 0/2 2015
*(Fecha)*

CLERK OF THE COURT, by M.A. MORAN , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ALLSTATE INSURANCE COMPANY

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

2/3/15 @3pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLSTATE INSURANCE COMPANY OF CALIFORNIA,
ALLSTATE INSURANCE COMPANY and DOES 1 to 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIC WRIGHT

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of San Francisco<br>400 McAllister Street, San Francisco, CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br>CGC-15-543924 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Fitzpatrick Vannucci, 100 Montgomery Street, Suite 1600, San Francisco, CA 94104  (415) 981- 7500

| DATE: | FEB 0/2 2015 | CLERK OF THE COURT, by | M.A. MORAN | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):* ALLSTATE INSURANCE COMPANY OF CALIFORNIA

under: ☒☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

Law Offices of John Fitzpatrick Vannucci
100 Montgomery Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 981-7500
Fax: (415) 981-5700

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 0 2 2015

CLERK OF THE COURT
BY: MARY A. MORAN
Deputy Clerk

JOHN FITZPATRICK VANNUCCI (State Bar #174329)
Attorney for Plaintiff ERIC WRIGHT

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

ERIC WRIGHT

Plaintiff,

v.

ALLSTATE INSURANCE COMPANY OF
CALIFORNIA, ALLSTATE INSURANCE
COMPANY and DOES 1 to 25, inclusive

Defendants.

CASE NO: CGC-15-543924

1. Breach of Contract

2. Breach of the Implied Covenant of Good
Faith and Fair Dealing

GENERAL ALLEGATIONS

1. Plaintiff Eric Wright is, and at all times relevant herein was, a resident of the State of
California.

2. Plaintiff does not know the true names and capacities, whether individual, corporation,
associate or otherwise of the defendants sued herein as Does 1 through 25, inclusive and therefore
sues said defendants by such fictitious names. Plaintiff prays for leave to amend this Complaint to
show their true names and capacities when ascertained.

COMPLAINT FOR DAMAGES EXCEEDING $25,000 BREACH OF CONTRACT, BAD FAITH

of the State of California and licensed to do business in the State of California and transacting the business of insurance in the State of California. Defendant Allstate Insurance Company is a corporation organized under the laws of the State of Illinois and licensed to do business in the State of California and transacting the business of insurance in the State of California.

4. At all times herein mentioned, defendants, and each of them, were the agents, employees, joint venturers, and alter egos of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of their agents and employees, and each of them.

5. Allstate Insurance Company of California, Allstate Insurance Company and Does 1 through 25, inclusive, are hereafter collectively referred to as the "CONTRACTING DEFENDANTS."

6. On or about November, 2013, Plaintiff entered into a contract of insurance in San Francisco, California with the CONTRACTING DEFENDANTS. Said contract, hereinafter referred to as the "POLICY" is numbered 9 34 141201 11/19 and covered the policy period of November 19, 2013 through November 19, 2014. In pertinent part, the POLICY provides that said defendants would provide plaintiff with automobile insurance including coverage for theft, vandalism, damage or collision, to Plaintiff's 2003 BMW 745 LI bearing California License Plate 5EMG478—hereafter referenced as the "SUBJECT VEHICLE." That coverage is in Part VII, Coverage HH, which provides: "Allstate will pay for direct and accidental loss to your insured auto or a non-owned auto not caused by collision. Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and riot or civil commotion is covered. Glass breakage, whether or not caused by collision, and collision with a bird or animal is covered."

7. Throughout the period of the POLICY, plaintiff regularly paid all premiums and performed each act required on his part to keep the POLICY in force and effect. Plaintiff thereby intended and expected to be assured of peace of mind and financial and economic security in the event that there was a loss to his vehicle. This POLICY was in effect on August 17, 2014.

8. On or about the day of August 17, 2014, Plaintiff left the SUBJECT VEHICLE legally parked outside his home in the parking lot at 1269 Lakeside Drive. On or about that day, when he

2

D

returned to the SUBJECT VEHICLE, he noted that the tires were slashed, the front windshield was cracked and the interior of the car was slashed and broken—all apparently acts of vandalism and/or theft.  Plaintiff promptly reported the theft to the Sunnyvale Police Department that day. Plaintiff also promptly reported the incident to CONTRACTING DEFENDANTS that same day. CONTRACTING DEFENDANTS acknowledged the loss.

9.      Following the loss, CONTRACTING DEFENDANTS failed and refused to properly investigate and adjust the loss.  Defendants took statements from Plaintiff and requested and obtained documents about his personal history and financial information which had nothing to do with the damage and vandalism of the SUBJECT VEHICLE.

10. CONTRACTING DEFENDANTS did not inform Plaintiff that he had privacy rights as to his financial and personal information and DEFENDANTS obtained Plaintiff's privacy-protected information from him.

11. CONTRACTING DEFENDANTS failed and refused to timely and completely investigate and adjust this claim causing plaintiff to suffer substantial financial and emotional damages in excess of the jurisdiction of this Court.  CONTRACTING DEFENDANTS have still not paid for Plaintiff's loss, theft, and vandalism of the SUBJECT VEHICLE.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13.     Plaintiff suffered damages due to the theft and vandalism of the SUBJECT VEHICLE. Plaintiff's POLICY with CONTRACTING DEFENDANTS specifically provides that, upon such an occurrence, defendants will pay plaintiff for such damages suffered.  Plaintiff tendered these damages to defendants for payment.  Defendants have failed and refused to pay for such damages.

14.     Through the POLICY, CONTRACTING DEFENDANTS promised to timely and fairly investigate and settle plaintiff's claims for damage to the SUBJECT VEHICLE.

3

D

CONTRACTING DEFENDANTS' agents and employees with the full knowledge of their managers and/or supervisors with authority to bind the company, failed to properly perform the investigation, adjustment and settlement of plaintiff's claim for damage to her vehicle and refused to pay the benefits due under the POLICY and in doing so directly and materially breached the POLICY.

15. Defendants' breach of the POLICY caused plaintiff to suffer monetary damages in excess of the jurisdictional minimum of this Court as well as severe and extreme emotional distress also far in excess of the jurisdictional minimum of this Court.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

(Breach of Covenant of Good Faith and Fair Dealing)

16. Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 15 as though fully set forth herein.

17. As stated above, Plaintiff suffered damages due to the theft of the SUBJECT VEHICLE. Plaintiff's POLICY with CONTRACTING DEFENDANTS specifically provides that, upon such an occurrence, defendants will pay plaintiff for such damages suffered. Plaintiff tendered these damages to defendants for payment. Defendants have failed and refused to pay for such damages.

18. At all material times herein, defendants owed Plaintiff a duty of good faith and fair dealing with respect to the payment of damages suffered and covenanted that they would do nothing to impair Plaintiff's rights to receive the benefits of the POLICY.

19. At all times herein relevant, CONTRACTING DEFENDANTS agreed to act in good faith and deal fairly with plaintiff when they entered into the POLICY and accepted premiums from plaintiff. Nevertheless, said defendants refused and failed to act in good faith and deal fairly with plaintiff as set forth more particularly below.

20. In the absence of a reasonable basis for doing so, and with full knowledge and/or reckless

4

disregard of the consequences, said defendants have failed and refused to pay automobile insurance benefits to plaintiff pursuant to the POLICY and the laws of California.

21. Said defendants, and each of them, engaged and continue to engage in a course of conduct to further their own economic interests and in violation of California Insurance Code Section 790.03 and their contractual obligations to plaintiff, including, but not limited to:

(a) Consciously and unreasonably refusing to pay Plaintiff benefits properly payable under the POLICY and depriving Plaintiff of his rightful benefits with the knowledge that said denial was and is wrongful and contrary to their obligations under the POLICY and the law;

(b) Unreasonable delays in action upon plaintiff's claim;

(c) Consciously and unreasonably failing to investigate Plaintiff's claim fairly and in good faith and refusing to give Plaintiff's interests at least as much consideration as they gave their own;

(d) Consciously and unreasonably failing to adopt and implement reasonable or prompt standards applicable to the prompt and fair investigation and processing of Plaintiff's claim under the POLICY;

(e) Unfair claims practices in handling the claims of plaintiff and other similar situated insureds;

(f) Other wrongful and illegal conduct.

22. On information and belief, said conduct by Defendants was an instance of a larger pattern of conduct involving the claims of other similarly situated insureds within the past several years and up to the present. In pursuing said wrongful course of conduct herein, the defendants were pursuing unfair trade practices. Defendants' conduct was also racially motivated in that Plaintiff is African American.

23. The above course of conduct was pursued without due regard for, and in the reckless and conscious disregard of, the financial and emotional circumstances of the plaintiff.

24. Said defendants pursued said course of conduct intentionally, maliciously, consciously and in reckless disregard of the rights of the plaintiff, fraudulently and/or with reckless disregard of the likelihood of causing plaintiff emotional and mental distress and/or at all times to further their own economic interests at the expense of plaintiff's economic interests, mental health and well-being.

25. As a direct and proximate result of the conduct of said defendants, and each of them, plaintiff has suffered and continues to suffer severe and extreme emotional and mental distress, all to his general damage in an amount not yet determined but which is in excess of the jurisdictional minimum of their court.

26. As a further, direct and proximate result of the conduct of said defendants, and each of them, plaintiff has incurred and will incur economic detriment including, but not limited to, loss of his property, attorney's fees, lost work, costs and expenses of litigation and other special damages in an amount not yet determined.

27. The conduct of the defendants, and each of them was either intended by the defendants to cause injury to the plaintiff or was despicable conduct which would be considered revolting to anyone living in a civilized society and which was carried on by the defendants with a willful and conscious disregard of the rights of the plaintiff in violation of Civil Code §3294. Further, said conduct of the defendants was despicable conduct in that it caused plaintiff unjust hardship in conscious disregard of his rights. Plaintiff prays for exemplary damages to be awarded according to proof.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, and each of them, as follows:

        A.     For general damages, according to proof;

        B.     For special damages, according to proof;

        C.     For lost wages;

COMPLAINT FOR DAMAGES EXCEEDING $25,000 BREACH OF CONTRACT, BAD FAITH

1    D.    For punitive and exemplary damages as provided by law;

2    E    For prejudgment interest, according to law;

3    F.    For Attorneys' Fees

4    G.    For costs of suit; and

5    H.    For such other relief as the court deems proper or necessary.

6

7

8    Dated: January 30, 2015                Law Offices of John Fitzpatrick Vannucci

9

10

11    JOHN FITZPATRICK VANNUCCI
      Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D    COMPLAINT FOR DAMAGES EXCEEDING $25,000 BREACH OF CONTRACT, BAD FAITH

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
| John Fitzpatrick Vannucci   174329 |

Law Offices of John Fitzpatrick Vannucci
100 Montgomery Street, Suite 1600, San Francisco, CA 94104
San Francisco, California 94104
TELEPHONE NO.: 415 981 7500    FAX NO.: 415 981 5700
ATTORNEY FOR *(Name):* Plaintiff Eric Wright

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street, Room 103
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Superior Court of San Francisco

CASE NAME:
Eric Wright v. Allstate Insurance of California et., al.,

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 02 2015

CLERK OF THE COURT
BY:   MARY A. MORAN
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter   ☐ Joinder | CGC-15-543924 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 1) Breach of Contract 2) Breach of Implied Covenant of Good Faith &
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 30 2015
John Fitzpatrick Vannucci  #174320
*(TYPE OR PRINT NAME)*    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CIV-050

- DO NOT FILE WITH THE COURT -
- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585. -

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): John Fitzpatrick Vannucci, SBN #174329<br>Law Offices of John Fitzpatrick Vannucci<br>100 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>ATTORNEY FOR (Name): Plaintiff Eric Wright | TELEPHONE NO.: 415-981-7500<br>Facsimile No.: 415-981-5700<br>email: jfv@jfvlaw.com | FOR COURT USE ONLY: |
|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 Mcallister Street<br>MAILING ADDRESS: 400 McAllister Street<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Superior Court of San Francisco | | |
| PLAINTIFF: Eric Wright<br>DEFENDANTS: Allstate Insurance of California et., al. | | |
| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | | CASE NUMBER: CGC15541924 |

To (name of one defendant): ALLSTATE INSURANCE COMPANY

Plaintiff (name of one plaintiff only): Eric Wright

seeks damages in the above entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| 1. | **General damages** | |
| | a. ☑ Pain, suffering, and inconvenience | $500,000.00 |
| | b. ☑ Emotional distress | $1,500,000.00 |
| | c. ☐ Loss of consortium | $ |
| | d. ☐ Loss of society and companionship (wrongful death actions only) | $ |
| | e. ☐ Other (specify) | $ |
| | f. ☐ Other (specify) | $ |
| | g. ☐ Continued on Attachment 1.g. | |
| 2. | **Special damages** | |
| | a. ☐ Medical expenses (to date) | $ |
| | b. ☐ Future medical expenses (present value) | $ |
| | c. ☑ Loss of earnings (to date) | $20,000.00 |
| | d. ☑ Loss of future earning capacity (present value) | $??,???.?? |
| | e. ☑ Property damage | $50,000.00 |
| | f. ☐ Funeral expenses (wrongful death actions only) | $ |
| | g. ☐ Future contributions (present value) (wrongful death actions only) | $ |
| | h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ |
| | i. ☑ Other (specify): Attorney's fees | $100,000.00 |
| | j. ☐ Other (specify): | $ |
| | k. ☐ Continued on Attachment 2.k. | |
| 3. | ☑ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify): $ when pursuing a judgment in the suit filed against you. | $3,000,000.00 |

Date: February 2, 2015

John Fitzpatrick Vannucci   #174329
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 4 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CASE NUMBER: CGC-15-543924  ERIC WRIGHT VS. ALLSTATE INSURANCE COMPANY OF

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **JUL-08-2015** | |
| **TIME:** | **10:30AM** | |
| **PLACE:** | Department 610 | |
| | **400 McAllister Street** | |
| | **San Francisco, CA  94102-3680** | |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> **(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



## EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."
— *George Yuhas, Esq.*
  *Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, the BASF mediator settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."
— *Robert Charles Friese, Esq.*
  *Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart; but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"
— *Julie Caskin*
  *Global Parenting Campaign Manager*
  *Tidewater Network*

"BASF staff was very helpful – played an influential and kept either a hard worker each party. The mediator was great!"
— *Mark Abelson, Esq.*
  *Campagnoli, Abelson & Campagnoli*

"The BASF mediator was excellent. He was effective with some strong, forceful personalities."
— *Denise A. Leadbetter, Esq.*
  *Zacks, Utrecht & Leadbetter*

PROCEDURES, PODCASTS,
FORMS, MEDIATOR BIOGRAPHIES
AND PHOTOGRAPHS
www.sfbar.org/mediation

adr@sfbar.org or 415-982-1600

## THE BAR ASSOCIATION OF SAN FRANCISCO

# MEDIATION SERVICES

*Voted one of the top ADR Providers in The Recorder's "Best of the Bay Area" 2010, 2011, 2012*

| QUALITY | EXPERIENCE | TRUST |
|---|---|---|

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website (www.sfbar.org/mediation) provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is also always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rates.

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you call us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court period.

### OUR CASE IS FILED IN COURT, HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF," then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE! HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415-982-1600**



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br><br> DEPARTMENT 610 |

**1)** The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

**2)** The parties agree that the ADR Process shall be completed by (date): _____

**3)** Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2 07/12          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                   FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                   Time:                   Dept.:                   Div.:                   Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov.

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                f. Fax number:
   e. E-mail address:                  g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. Referral to judicial arbitration or civil action mediation (if available).

       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

---

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
| --- | --- | --- |
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

CM-110

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*

   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:

      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|
   | | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 5 of 5

Your transaction has been successfully submitted to File & ServeXpress. Your transaction information appears below. To print this information for your records, click anywhere on the transaction information, then click the browser Print button.
For a formatted copy of this information, obtain a transaction report.
To perform another transaction, click **Begin a New Transaction.**
To exit Filing & Service, click **Return to My File & ServeXpress.**

*TIP:* Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

## File & ServeXpress Transaction Receipt

| | |
|---|---|
| **File & ServeXpress Transaction ID:** 56847726 | |
| **Submitted by:** | Adrienne Hankins, Dentons US LLP-San Francisco |
| **Authorized by:** | Jeffry Butler, Dentons US LLP-San Francisco |
| **Authorize and file on:** | Mar 2 2015 11:13AM PST  ⓘ |

| | |
|---|---|
| **Court:** | CA Superior Court County of San Francisco-Civil |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Civil-General Civil-Unlimited - $25,001+ |
| **Case Type:** | Business Tort (Civil 1) |
| **Case Number:** | CGC-15-543924 |
| **Case Name:** | Wright, Eric vs Allstate Insurance Co Of California et al |

| | |
|---|---|
| **Transaction Option:** | File and Serve |
| **Billing Reference:** | 40000000-7722 |
| **Read Status for e-service:** | Not Purchased |
| **Note to Clerk:** | Dear Clerk: We are answering on behalf of only one defendant. Please issue only one first appearance fee for Defendant Allstate Insurance Company. Thank you. |

**Documents List**
**1 Document(s)**
**Attached Document, 9 Pages  Document ID: 61325443**                    PDF Format | Original Format

| | | | |
|---|---|---|---|
| **Document Type:** | **Access:** | **Statutory Fee:** | **Linked:** |
| Answer (Original) | Public | $450.00 | |

**Document title:**
Allstate Insurance Company's Answer to Complaint

Expand All

⊟ **Sending Parties (3)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Allstate | Defendant | Mellema, Cynthia Louise | Dentons US LLP-San Francisco | Attorney in Charge |
| Allstate | Defendant | Barker, Megan L | Dentons US LLP-San Francisco | Attorney in Charge |
| Allstate | Defendant | Butler, Jeffry | Dentons US LLP-San Francisco | Attorney in Charge |

⊟ **Recipients (1)**

⊟ Service List (1)

| Delivery Option | Party | Party Type | Attorney | Firm | Attorney Type | Method |
|---|---|---|---|---|---|---|
| Service | Wright, Eric | Plaintiff | Vannucci, John F | Vannucci, John Fitzpatrick | Attorney in Charge | E-Service |

⊟ Additional Recipients (0)

1  CYNTHIA L. MELLEMA (State Bar No. 122798)
    JEFFRY BUTLER (State Bar No. 180936)
2  MEGAN BARKER (State Bar No. 245991)
    DENTONS US LLP
3  525 Market Street, 26th Floor
    San Francisco, California 94105
4  Telephone: (415) 882-5000
    Facsimile: (415) 882-0300
5  E-mail:   cynthia.mellema@dentons.com
           jeffry.butler@dentons.com
6         megan.barker@dentons.com

7  Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY

8

9                  SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF SAN FRANCISCO

| | |
|---|---|
| 11  ERIC WRIGHT, | No. CGC-15-543924 |
| 12          Plaintiff, | **ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| 13     vs. | |
| 14  ALLSTATE INSURANCE COMPANY OF CALIFORNIA, ALLSTATE INSURANCE | |
| 15  COMPANY and DOES 1-25, inclusive, | |
| 16         Defendants. | |

17

18       Defendant Allstate Insurance Company hereby answers plaintiff Eric Wright's complaint

19  (the "Complaint") as follows:

20                      **GENERAL DENIAL**

21       Allstate generally denies each and every material allegation in plaintiff's Complaint

22  pursuant to Code of Civil Procedure 431.30(d). Allstate further denies plaintiff sustained any

23  injury, damage, or loss by reason of any conduct, action, error, or omission on the part of

24  Allstate.

25       Allstate files this answer without prejudice to its right to file a further amended answer or

26  other response, including cross-complaints, after conducting discovery.

27

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

## AFFIRMATIVE DEFENSES

(Applicable To All Causes Of Action)

### First Defense

### (Failure to State Cause of Action)

The Complaint, and each purported cause of action in the Complaint, fails to state facts sufficient to constitute a cause of action against Allstate.

### Second Defense

### (Waiver)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of waiver.

### Third Defense

### (Estoppel)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of estoppel.

### Fourth Defense

### (Unclean Hands)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of unclean hands.

### Fifth Defense

### (Laches)

The Complaint, and each purported cause of action in the Complaint, is barred by the doctrine of laches.

### Sixth Defense

### (Fault of Others)

Plaintiff's damages, the fact and extent of which Allstate denies, were either wholly or partially caused by and/or contributed to by the fault of others, whether that fault be the proximate result of intentional conduct, negligence, breach of contract, or any other type of fault, of persons, firms, corporations, or entities other than Allstate, for which Allstate is not

1    responsible. Such intentional conduct, negligence, or fault bars recovery against Allstate or

2    comparatively reduces the percentage of fault or negligence, if any, of Allstate.

### Seventh Defense

### (Consent and/or Authorization of Plaintiff)

5    Plaintiff consented to and/or authorized all conduct and/or omissions of Allstate alleged

6    in the Complaint.

### Eighth Defense

### (Active Fault of Plaintiff)

9    The Complaint, and each purported cause of action in the Complaint, is barred by

10   plaintiff's active fault.

### Ninth Defense

### (Comparative Fault)

13   The Complaint, and each purported cause of action in the Complaint, is barred and/or

14   plaintiff's recovery is reduced because plaintiff's alleged damages resulted from plaintiff's

15   comparative fault.

### Tenth Defense

### (Mitigation of Damages)

18   To the extent plaintiff failed to mitigate, minimize or avoid any damages allegedly

19   suffered, plaintiff's recovery against Allstate, if any, must be reduced by that amount.

### Eleventh Defense

### (Assumption of Risk)

22   Plaintiff knew, or in the exercise of reasonable care should have known, the risks of the

23   matters alleged in the Complaint. Plaintiff knowingly and voluntarily assumed and accepted

24   such risks, and any damages allegedly caused by Allstate's conduct were the proximate result of

25   plaintiff's assumption and acceptance of such risks.

### Twelfth Defense

### (No Causation)

28   Plaintiff is entitled to no relief from Allstate because plaintiff sustained no injury,

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1     damage, or loss by reason of any conduct, act, error, or omission on Allstate's part.

2

### Thirteenth Defense

3

### (Privilege)

4     Allstate's alleged acts, conduct, and/or omissions were lawful, privileged, and/or

5     justified.

6

### Fourteenth Defense

7

### (Intervening Cause)

8     Plaintiff's damages, the fact and extent of which Allstate denies, were proximately

9     caused by intervening, superseding, and/or supervening acts for which Allstate has no liability.

10

### Fifteenth Defense

11

### (Election of Remedies)

12     To the extent plaintiff elected to pursue a certain remedy, plaintiff is barred from

13     pursuing or recovering under any other remedy under the doctrine of election of remedies.

14

### Sixteenth Defense

15

### (Accord and Satisfaction)

16     The Complaint, and each purported cause of action in the Complaint, is barred by the

17     doctrine of accord and satisfaction.

18

### Seventeenth Defense

19

### (Set-Off)

20     Plaintiff's damages, the fact and extent of which Allstate denies, are set-off or

21     extinguished under the equitable doctrine of set-off or under California Code of Civil Procedure

22     section 431.70.

23

### Eighteenth Defense

24

### (Ratification of Conduct)

25     With full knowledge of all facts in any way connected with or relating to the matters

26     alleged in the Complaint, plaintiff duly ratified, acquiesced, and/or confirmed in all respects the

27     conduct and/or omissions of Allstate alleged in the Complaint.

28

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1

## **Nineteenth Defense**

## **(Failure to Join Necessary Parties)**

Plaintiff's claims are barred because plaintiff failed to join necessary and indispensable parties to this action, including that he failed to name the proper insurer.

## **Twentieth Defense**

## **(Indemnification from Responsible Parties)**

To the extent Allstate is liable, if at all, for any of plaintiff's claims, the fact and extent of which Allstate denies, Allstate is entitled to indemnification, contribution, and/or equitable apportionment for such claims among all other parties responsible for plaintiff's claims.

## **Twenty-First Defense**

## **(Statute of Limitations)**

The Complaint, and each purported cause of action in the Complaint, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## **Twenty-Second Defense**

## **(Obligations Limited to Policy Terms)**

Allstate's obligations, if any, to plaintiff are governed and limited by the terms, definitions, exclususions, conditions, and limitations contained in the homeowners policy and the applicable endorsements (the "Policy").

## **Twenty-Third Defense**

## **(Policy Limits)**

The Policy provides coverage, if at all, only to the extent of the limits of liability listed on the declaration page or otherwise contained in the Policy form and endorsements.

## **Twenty-Fourth Defense**

## **(Failure to Seek Appraisal)**

The Policy states that, if the parties cannot agree on the amount of the loss, they may seek an appraisal. To the extent plaintiff has failed to exhaust this remedy, the Complaint is barred.

### Twenty-Fifth Defense

#### (No Coverage for Claimed Losses)

The Complaint, and each purported cause of action in the Complaint, is barred to the extent it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss the Policy does not cover, or is excluded from coverage under the Policy's terms, exclusions, conditions and limitations.

### Twenty-Sixth Defense

#### (No Coverage For Fraudulent Losses)

The Complaint, and each purported cause of action in the Complaint, is barred because plaintiff concealed or misrepresented material facts of circumstances. The Policy provides:

> *Fraud*:
>
> This policy will not apply to any claim in which an insured person has concealed or misrepresented any material fact or circumstance.

### Twenty-Seventh Defense

#### (Plaintiff's Failure to Comply With Policy Terms)

Plaintiff failed to satisfy the terms and/or conditions of the Policy, including but not limited to the conditions set forth under the Policy's "What You Must Do If There Is A Loss" provision.

### Twenty-Eighth Defense

#### (Allstate's Compliance With Policy Terms)

Allstate fully performed all obligations, both express and implied, owed to plaintiff under the Policy and applicable law.

### Twenty-Ninth Defense

#### (Plaintiff's Claim Raised Genuine Issues)

Plaintiff should take nothing pursuant to the Complaint because plaintiff's claims raised genuine issues and/or disputes as to Allstate's duties, if any, under the Policy, and Allstate reasonably believed in the validity of these issues and/or disputes.

ALLSTATE'S ANSWER TO COMPLAINT

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1

### **Thirtieth Defense**

2

### **(Standing)**

3 The Complaint, and each purported cause of action in the Complaint, is barred by

4 plaintiff's lack of standing.

5

### **Thirty-First Defense**

6

### **(Good Faith of Allstate)**

7 Allstate's conduct was reasonable and in good faith, hence not tortious.

8

### **Thirty-Second Defense**

9

### **(Speculative Nature of Damages)**

10 Plaintiff is not entitled to recover a monetary judgment because plaintiff's damage

11 claims are speculative.

12

### **Thirty-Third Defense**

13

### **(No Entitlement to Attorneys' Fees)**

14 Plaintiff is precluded from recovering attorneys' fees and costs from Allstate under

15 applicable provisions of the law.

16

### **Thirty-Fourth Defense**

17

### **(No Punitive Damages)**

18 The Complaint fails to state facts sufficient to entitle plaintiff to punitive damages.

19

### **Thirty-Fifth Defense**

20

### **(Unconstitutionality of Punitive Damages)**

21 Plaintiff's claim for punitive and exemplary damages is barred because the California

22 punitive damages statute is unconstitutional under the United States and California Constitutions

23 in that, among other things, it is void for vagueness, violates the equal protection clause, due

24 process clause, contract clause, and/or Eighth Amendment proscription against excessive fines,

25 and imposes an undue burden on interstate commerce.

26

### **Thirty-Sixth Defense**

27

### **(Right to Assert Additional Defenses)**

28 Allstate reserves its right to amend its answer to the Complaint to assert any additional

ALLSTATE'S ANSWER TO COMPLAINT

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

1  defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy,

2  as may become apparent during discovery in this action.

3      WHEREFORE, Allstate prays for judgment as follows:

4      1.    That plaintiff take nothing by way of his Complaint and that the Complaint be

5  dismissed with prejudice;

6      2.    That judgment be entered in Allstate's favor;

7      3.    That Allstate be awarded costs and attorneys' fees incurred in this action; and

8      4.    For such other and further relief as this Court deems just and proper.

9  Dated: March 2, 2015                    DENTONS US LLP

10

11                                         By_____

12                                              JEFFRY BUTLER

13                                         Attorneys for Defendant
                                           ALLSTATE INSURANCE COMPANY

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

PROOF OF SERVICE
Eric Wright v. Allstate Insurance Company, et al.
San Francisco Superior Court, No. CGC-15-543924

1    I, Adrienne Hankins, am a citizen of the United States and employed in the City and County

2    of San Francisco, California.  I am over the age of eighteen years and not a party to the within-

3    entitled action.  My business address is 525 Market Street, 26th Floor, San Francisco, California

4    94105-2708.  On March 2, 2015, I deposited with US Postal Service, a true and correct copy of the

5    within document(s):

**ALLSTATE INSURANCE COMPANY'S ANSWER TO COMPLAINT**

in a sealed envelope, addressed as follows:

| Law Offices of John Fitzpatrick Vannucci<br>100 Montgomery Street, Suite 1600<br>San Francisco, CA 94104<br>Tel: (415) 981-7500<br>Fax: (415) 981-5700 | Attorney for Plaintiff Eric Wright |
|---|---|

☒    E-Service via File & ServeXpress.

☒    U.S. MAIL:  I caused to be served the above party (ies) by U.S. Mail.  I am personally and readily familiar with the business practice of Dentons US LLP for collection and processing of correspondence for mailing with the U.S. Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the U.S. Postal Service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on March 2, 2015, at San Francisco, California.

Adrienne Hankins

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105
(415) 882-5000

- 1 -
PROOF OF SERVICE