UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLSTATE INSURANCE COMPANY OF CALIFORNIA, ALLSTATE INSURANCE COMPANY, and DOES 1-25,<br><br>    Defendants. | Case No. 15-cv-01020-SI<br><br>**ORDER GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY OF CALIFORNIA'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

Defendant Allstate Insurance Company of California's motion to dismiss is set for hearing on April 24, 2015. Pursuant to Civil Local Rule 7–1(b), the Court determines that the matter is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS** defendant Allstate Insurance Company of California's motion to dismiss and **GRANTS** plaintiff leave to amend the complaint.

**BACKGROUND**

On February 2, 2015, plaintiff Eric Wright filed a complaint against moving defendant Allstate Insurance Company of California ("Allstate of California"), defendant Allstate Insurance Company, and DOE defendants in the Superior Court of the State of California, County of San Francisco. Docket No. 1, Notice of Removal, Ex. A Compl. Plaintiff brings claims for breach of contract and breach of implied covenant of good faith and fair dealing against all defendants. *Id*. Plaintiff alleges that all defendants were parties to the automobile insurance contract covering plaintiff's vehicle and that all defendants failed to properly investigate and adjust plaintiff's insurance claim following the vandalism of the covered vehicle. *Id*. ¶¶ 5, 6, 9. Plaintiff also alleges that all defendants "were the agents, employees, joint venturers, and alter egos of the

remaining defendants." *Id.* ¶ 4. On March 2, 2015, defendant Allstate Insurance Company filed an answer and attached the insurance contract at issue, which identifies Allstate Indemnity Company and defendant Allstate Insurance Company as the contracting entities that issued the insurance policy. Docket No. 1, Decl. Glen Davis, Ex. A. Moving defendant Allstate of California is not named anywhere in the insurance contract.

On March 4, 2015, defendants removed the case to this Court based on diversity jurisdiction and asserted that plaintiff's joinder of defendant Allstate of California was fraudulent and designed to destroy complete diversity. Docket No. 1, Notice of Removal ¶¶ 5, 7. On March 11, 2015, defendant Allstate of California moved to dismiss all claims against it, arguing it did not issue the insurance policy and never entered into a contract with plaintiff. Docket No. 9. On March 24, 2015, plaintiff filed a response in opposition to defendant's motion and on March 31, 2015, defendant submitted a reply. Docket No. 17.

**LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move the court to dismiss an action for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a [d]efendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. In considering a Rule 12(b)(6) motion, the court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*,

1  556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

When deciding a Rule 12(b)(6) motion, the court may not consider any materials beyond the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, even if a document is "not literally incorporated into [the complaint]," the document is not outside the complaint and may be considered on a Rule 12(b)(6) motion if the complaint specifically refers to the document and if its authenticity is not questioned. *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982). Furthermore, where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway Exchange*, 169 F. Supp. 2d 1160, 1164 (N.D. Cal. 2001); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)).

If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant Allstate of California contends that it cannot be held liable for breach of contract and breach of implied covenant of good faith and fair dealing because it was not involved in issuing the insurance policy and was not a party to the insurance contract. Under California law, in order to be liable for breach of contract and breach of implied covenant of good faith and fair dealing, a defendant must have been a consenting party to the contract at issue. *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973) (the insurance adjusting firm, the law firm, their respective employees, and the agents of the insurance companies that issued the insurance policy cannot be held liable for breach of implied covenant of good faith and fair dealing because they

were "total strangers to the contracts of insurance"); *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 981 (9th Cir. 1999) (insurance agents or brokers cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because they were not parties to the insurance contract). In his complaint, plaintiff alleges that he entered into a contract of insurance with Allstate Insurance Company, Allstate Insurance Company of California, and Does 1 through 25. Docket No. 1 ¶ 6. Defendants submitted with their notice of removal a copy of plaintiff's insurance policy. Docket No. 1-2. Allstate Indemnity Company is named in the policy declarations and Allstate Insurance Company is named in the auto insurance policy. *Id*. However, defendant Allstate of California is not named in either of these documents. Based on the face of the insurance policy at issue, it is clear that Allstate of California was not a party to the contract. The Court therefore finds that defendant was not a consenting party to the insurance contract and cannot be held liable for breach of contract and breach of implied covenant of good faith and fair dealing under the general rule.

In his opposition, plaintiff argues that defendant Allstate of California is the alter ego, agent, employee, and joint venturer of the Allstate entities that issued the insurance policy and handled plaintiff's claim and should be liable even if defendant is not the actual contracting entity that issued the insurance policy. Docket No. 15 at 2. However, plaintiff has failed to plead facts that support its alter ego, agency, or joint venture theories. Plaintiff's complaint has a single conclusory sentence asserting that defendant is an alter ego, agent, employee, and joint venturer, but the complaint is void of any factual allegations that support a theory of liability against defendant. Even in the opposition, plaintiff fails to cite facts from the complaint that provide a basis for extending liability to defendant.

First, plaintiff fails to plead sufficient facts to support the application of the "alter ego" doctrine. The "alter ego" doctrine allows courts to disregard the distinction between a corporation and its owner and to extend liability to the owner for the acts of the corporation. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). Two requirements must be met to impose "alter ego" liability: (1) there must be a unity of interest and ownership between the corporation and its owner such that the separate personalities do not in reality exist; and (2) there

would be an inequitable result if the acts in question are treated as those of the corporation alone. *Id*. Plaintiff does not allege any facts that suggest a unity of interest and ownership between defendant Allstate of California and the Allstate entities that are parties to the insurance contract. In his opposition, plaintiff claims that "Allstate has many different entities . . . [and that plaintiff] is not privy to the liability or financial reasons that Allstate chooses to divide up its various entities or how Allstate delegates its insurance practices and duties among its entities." Docket No. 15 at 4. While plaintiff speculates that Allstate delegates different functions, such as issuing insurance policies, adjusting claims, and investigating claims, to its various Allstate entities, the complaint does not allege any facts suggesting the commingling of funds, the holding out by one entity that it is liable for the debts of the other, the use of the same offices and employees, or the use of one as a mere shell or conduit for the affairs of the other. *See Sonora Diamond Corp.*, 83 Cal. App. 4th at 538-39. Furthermore, plaintiff does not provide a reason for why it would be inequitable to treat defendant Allstate of California as a separate entity.

Second, plaintiff alleges that defendant Allstate of California is a joint venturer of another Allstate entity that issued the insurance policy or handled plaintiff's claim, but besides the conclusory allegation, plaintiff does not plead any facts to support this theory of liability. Courts apply the joint venture doctrine to hold each joint venturer liable in tort and contract when three elements are satisfied: (1) the members must have joint control over the venture (even though they may delegate it); (2) the members must share the profits of the undertaking; and (2) the members must each have an ownership interest in the enterprise." *Jeld-Wen. Inc. v. Superior Court*, 131 Cal. App. 4th 853, 872 (2005). Plaintiff fails to allege any facts related to whether defendant Allstate of California controls, shares profits, or has ownership interest in defendant Allstate Insurance Company's insurance enterprise. Plaintiff merely speculates in his opposition that there must be some overlap among all the Allstate entities as "Allstate delegates its insurance practices and duties among its entities." Docket No. 15 at 4. However, such speculation is not sufficient to support the application of joint venture liability.

Finally, plaintiff alleges that defendant Allstate of California is an agent and employee of "each of the remaining defendants" and that defendant Allstate of California "ratified and

approved the acts of [its] agents and employees." Docket No. 1 ¶4. Again, this is insufficient. Plaintiff has failed to plead facts to support his assertion that defendant Allstate of California is the alter ego, agent, employee, and joint venturer of the Allstate entities that issued the insurance policy.

## CONCLUSION

Accordingly, the Court **GRANTS** defendant Allstate of California's motion to dismiss and **GRANTS** plaintiff leave to amend the complaint to plead facts that are sufficient to establish a facially plausible claim against defendant Allstate of California. If plaintiff wishes to amend the complaint, he must do so by **April 23, 2015**.

**IT IS SO ORDERED.**

Dated: April 7, 2015

_____
SUSAN ILLSTON
United States District Judge